5

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FREDDY RAY JOHNSON, | ) | Hon. |
| DAVID RAMOS, | ) | |
| | ) | Case No.: CAB-01-197 |
| Plaintiffs | ) | |
| | ) | |
| V. | ) | State Court Case No. 2000114816-G |
| | ) | |
| ACandS, INC., et al. | ) | |
| | ) | Jury |
| Defendants. | ) | |

## MOTION FOR TEMPORARY STAY AND BRIEF IN SUPPORT

DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation (collectively the "Removing Defendants") request the court to grant a Temporary Stay of Proceedings in this case and state as follows:

### I. SUMMARY OF ARGUMENT

This case is one of approximately 400 cases pending in the State of Texas from which the Removing Defendants removed certain claims pursuant to 28 U.S.C. § 1452, as more particularly described in their Notice of Removal. The Plaintiffs' claims arise out of alleged injuries caused by brakes and other friction products manufactured by companies acquired by Federal-Mogul Global, Inc. ("**Federal-Mogul**").

Federal-Mogul filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware on October 1, 2001. On November 20, 2001, the Removing Defendants filed a motion requesting the Federal District Court for the District of Delaware to transfer, to that court, the claims removed in this case and in the other

DAL:415581.1
37354.1

1

lawsuits pursuant to 28 U.S.C. § 157(b)(5).[1]  As fully stated in the Removing Defendants' Motion to Transfer and Memorandum in Support, Section 157(b)(5) authorizes the Federal District Court in Delaware to exercise jurisdiction over the removed claims and to transfer the removed claims to that court.  That motion is now pending before the court.  Accordingly, the Removing Defendants request this Court to temporarily stay this case pending the Delaware District Court's ruling on the requested transfer.

## II. ARGUMENT

The issue before this Court is <u>not</u> whether the Plaintiffs' claims should be transferred.  The Removing Defendants have availed themselves of 28 U.S.C. § 157(b)(5) and filed their motion to transfer in the Delaware Federal District Court; that court must decide where the claims in this case and the other removed cases will be tried.  *See* Motion to Transfer Related Friction Product Claims and Causes of Action and Memorandum in Support; *see also* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court where the claim arose, *as determined by the district court in which the bankruptcy case is pending*")  (Emphasis added.)

Instead, the question presented to this Court is whether proceedings should be briefly stayed until the Delaware Court rules on the transfer motion.  A temporary stay pending transfer would promote judicial economy, without unfairly prejudicing the Plaintiffs, by allowing the parties to avoid litigating the same issues in different courts at the same time.  This is particularly true because the question of jurisdiction may be determined as to all removed cases by the Delaware Federal

---

[1] A copy of the motion to transfer and the supporting brief is attached as Tab B to the Removing Defendants' Notice of Removal.

District Court following any transfer. In fact, federal courts recognize that a stay serves the goals of judicial economy if the issues involved in a remand motion are likely to arise in other cases:

> In this case, judicial economy would be served by a stay pending the transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred. . . . The transferee judge "certainly has the power to determine the question of remand," and if the remand issues are common to many of the asbestos cases, decision by the transferee judge would avoid "duplicative discovery and conflicting pretrial rulings."

*Boudreaux v. Metropolitan Life Insurance Co.*, 1995 Westlaw 83788 (E.D. La. 1995) (*quoting, In re Air Crash Disaster at Florida*, 368 F. Supp. 812, 813 (JPML 1973)). *See also Falgoust v. Microsoft Corporation*, 2000 Westlaw 462919 (E.D. La. 2000) (Denying motion to remand and granting stay pending rulings on motion to transfer action to MDL.)

Whether to stay proceedings is, of course, discretionary and is guided by the policies of justice and efficiency. *See Boudreaux* at *1. Where two district courts have duplicative actions pending, "federal courts have traditionally favored a stay, transfer, or dismissal of one action in favor of the other to avoid the waste of judicial resources and the potential for inconsistent adjudications." *See City of Brownsville v. Southwestern Bell Telephone Co.*, 1991 Westlaw 107403 (S.D. Tex. 1991.)

Judicial economy will be served by briefly staying these proceedings until the Delaware Federal District Court rules on the Removing Defendants' motion to transfer venue pursuant to 18 U.S.C. § 157(b)(5). Accordingly, the Removing Defendants request the Court to defer ruling on any motion to remand until the Federal District Court for the District of Delaware rules on the motion to transfer.

### III. CONCLUSION

For the foregoing reasons, the Removing Defendants respectfully request that this Court exercise its discretion to stay this case for ninety days pending a decision by the Delaware Court on the motion to transfer, and for such other relief to which they may show themselves entitled.

Respectfully submitted,

By: *John R. Henderson*
John R. Henderson
State Bar No. 09424200
Federal I.D. No. 9857
Brown McCarroll, L.L.P.
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

By: *Robert Thackston by perm*
Robert Thackston
State Bar No. 00785487
Federal I.D. No. Bar No. 17568
Joseph Blizzard
State Bar No. 00789156
Federal I.D. No. 17736
Jenkens & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
(214) 855-4500

**ATTORNEYS FOR DEFENDANT
DAIMLERCHRYSLER**

By: ___Dawn Wright___ by Dawn
Dawn Wright
State Bar No. 12742030
Federal I.D. No. 11545
Thompson & Knight, L.L.P.
1700 Pacific Avenue
Suite 3300
Dallas, TX 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

**ATTORNEYS FOR DEFENDANT GENERAL MOTORS CORPORATION**

## CERTIFICATE OF CONFERENCE

I certify that, on December 4, 2001, an attorney from my office contacted counsel for Plaintiffs, sought concurrence in the relief sought in this motion and that concurrence was not forthcoming.

_____John R. Henderson_____
John R. Henderson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion for Temporary Stay and Brief in Support was served on the 4th day of December 2001 by U.S. Mail, first-class, postage prepaid upon all known counsel of record.

_____John R. Henderson_____
John R. Henderson

DAL:415581.1
37354.1

5