IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Freddy Ray Johnson, et al
~~DAVID RAMOS, ET AL~~            §
                                  §
VS.                               §   CIVIL NO. 01;CV197
ACANdS, INC,                      §
~~KELLOGG BROWN & ROOT, INC.~~,   §
ET AL                             §

**ORIGINAL**
United States District Court
Southern District of Texas
FILED
DEC 19 2001
Michael N. Milby
Clerk of Court

## PLAINTIFFS' EMERGENCY MOTION TO REMAND AND BRIEF IN SUPPORT

The plaintiffs in this removed state law tort action hereby move to remand this case to the state court, or in the alternative for this Court to abstain, and would show as follows:

### I.

### INTRODUCTION

This Court lacks subject matter jurisdiction over this case. This case involves only state law tort claims. It could not have been filed in federal court initially, and there is no basis for it to be removed to federal court now. In fact, other federal district courts have already begun to remand identical cases which were removed en masse in late November[1]. The issue here is identical. And this case should likewise be remanded.

The Court's jurisdiction is premised on 28 U.S.C. § 1334. It provides that the district court has "original but not exclusive jurisdiction of all civil proceedings [1] arising under title 11, or [2] arising in or [3] related to a case under title 11." 28 U.S.C. §

---

[1]For example, Judge Kent remanded all asbestos cases that were removed to his court in the Southern District of Texas, Galveston Division.

1334(b). However, it is clear that these state law tort claims do not satisfy any of these criteria for jurisdiction. Therefore, this cases should be remanded. Our District Courts have made it plain: "[r]emoval statutes are to be strictly construed, and any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court." *Luevano v. Dow Corning Corp.*, 183 B.R. 751, 752 (W.D. Tex. 1995), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). In this case, the facts do not support removal. The case must be remanded.

It is important to note from the outset exactly what this case is about. The plaintiff has an asbestos-related disease. His disease was caused by exposure to various asbestos-containing products, including automobile brake products. He has filed suit against a number of companies who are responsible for the manufacture or sale of these products. And that includes the three automobile manufacturers (DaimlerChrysler Corp., Ford Motor Company and General Motors Corporation). The automobile manufacturers have removed only the claims made against them on the strained theory that those claims are *related to* the Federal Mogul bankruptcy proceedings. The rest of this case is still pending in the state court where it was originally filed.

How is a pending tort claim against a non-debtor related to a Chapter 11 bankruptcy proceeding? According to the Notice of Removal, this case is allegedly "related to" that bankruptcy because the removing parties have potential cross-claims for indemnity or contribution against the Debtor, Federal Mogul. As other Courts have already found, that is not a sufficient reason to move this case to federal court. The relation is just too tenuous, too speculative.

There are three separate reasons why this case should be remanded. First, this Court does not have subject matter jurisdiction based on 28 U.S.C. § 1334. Under that section, subject matter jurisdiction exists only if the claim "arises in" or "arises under Title 11, or if it is "related to" a Title 11 bankruptcy of a debtor, such as Federal Mogul. The pending state law tort claims against the automobile manufacturers do not satisfy any of these criteria for jurisdiction to attach. So, these claims should be remanded for lack of subject matter jurisdiction.

Second, the doctrine of mandatory abstention requires remand even if jurisdiction did exist. Mandatory abstention requires remand of all cases removed based on § 1334 where (1) a timely motion is filed , (2) the case is based on state law, (3) the case neither arises *under* nor *in* a Title 11 case, (4) the case could not have been removed absent § 1334, and (5) the case can be timely adjudicated in state court. See *In Re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997). All of the criteria for mandatory abstention are satisfied in this state law personal injury lawsuit against these non-debtor automobile companies. And it must be remanded.

The doctrine of permissible abstention and purely equitable grounds also support remanding this case. This case can be resolved more efficiently in state court. The state courts have developed expertise in managing and adjudicating asbestos lawsuits. Some courts have developed specialized asbestos rules, asbestos common issues dockets, and other mechanisms to expeditiously manage these types of cases. As a result, these state courts are best suited to handle these cases. Permissive abstention is also appropriate because of the prejudice to those involuntarily removed. In short, permissive abstention and equitable remand are appropriate because it just

makes sense to keep these cases where they are.

## II.

## ARGUMENT

**A.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE.**

**1. Jurisdiction under §1334 should be narrowly construed.**

The question this Court must answer is whether these state law tort claims against the non-debtor automobile companies are "related to" the Federal Mogul bankruptcy[2]. That is the only possible basis for jurisdiction argued by the removing defendants. And the answer is clear. No, these claims are not related to the Federal Mogul bankruptcy. The Fifth Circuit's formulation of the "related to" jurisdiction test was taken from the Third Circuit's *Pacor*[3] decision. Although the Pacor decision seemed to suggest a broad reading of §1334, our Circuit Court has followed the well-recognized rule of narrowly construing any statute that forms the basis of removal.   See, *Luevano v. Dow Corning Corp.*, 183 B.R. 751, 752 (W.D. Tex. 1995), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

Our Circuit Court of Appeals recognized that "related to" jurisdiction must be narrowly construed and stated as follows:

---

[2] These state law tort claims do not "arise under" title 11 nor "arise in" a proceeding under title 11. The phrase "'arising under title 11' refer to a cause of action created or determined by a statutory provision of title 11." *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987). The "arises in" jurisdiction applies to "'administrative' matters that arise only in bankruptcy cases...." *Id.* at 97. Because the removing defendants do not argue this basis of jurisdiction, it is given little attention here. This asbestos lawsuit is not an administrative bankruptcy proceeding, and it clearly exists outside of bankruptcy law. *See also In re Haws*, 158 B.R. 965, 969 (Bankr. S.D. Tex. 1993).

[3] *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984 (3rd Cir. 1984).

4

> a bankruptcy court's related to jurisdiction cannot be limitless. As a dispute becomes progressively more remote from the concerns of the body of federal law claimed to confer federal jurisdiction over it, the federal interest in furnishing the rule of decision for the dispute becomes progressively weaker. For the bankruptcy court to have subject matter jurisdiction, therefore, some nexus must exist between the related civil proceeding and the Title 11 case. Otherwise, an overbroad construction of § 1334(b) may bring into federal court matters that should be left for state courts to decide.

*In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1999) (citations, internal quotes and ellipses omitted).

Similarly, other courts have recognized that although the *Pacor* test uses the terminology of "conceivable" effects, the general rule of narrowly construing any removal statute must be followed. The District Court from the Eastern District of Virginia wrote:

> In practicality, some measure of reasonableness must be included in the definition; defining "conceivable" too broadly gives the term an unworkable definitional range, spanning from one being able to conceive of the child prodigy Mozart at age five having the potential to be a renown musical genius, to the more dubious potential of the proverbial roomful of monkeys and typewriters, over an infinite time period, reproducing Shakespeare's Hamlet."

*Chesapeake Crossing Associates v. TJX Companies, Inc.*, 1992 WL 469801 at *2 (E.D. Va. 1992), *quoting In Re Cargit, Inc.*, 81 B.R. 243, 247 n.5 (Bankr. S.D.N.Y. 1987). The lawyers for the automobile companies are trying to reproduce Shakespeare. Respectfully, this is a lot of monkey-business.

**2. An indemnity claim of a non-debtor cannot create jurisdiction under §1334.**

The pending tort claims against the removing non-debtors bear no relationship to

the Federal Mogul bankruptcy. The seminal case on this issue is *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984 (3rd Cir. 1984), which has been followed by the Fifth Circuit. *See, e.g., In re Walker,* 51 F.3d 562, 568 (5th Cir. 1995).

The facts of *Pacor* are important. Because they are the same as the facts of this case. Johns Manville had supplied products to Pacor, who in turn sold them to the public. When Plaintiffs sued Pacor for personal injuries caused by exposure to their products, Pacor impleaded Johns Manville. After Manville filed bankruptcy, the action against it was severed from the personal injury case. On the eve of trial, Pacor removed the entire *Higgins v. Pacor*, and *Pacor v. Johns Manville* controversy to the bankruptcy court. The facts of this case are the same.

The Court of Appeals and the district court found that the state law tort claims were not "related to" the Manville bankruptcy. Like the automobile companies in this case, Pacor presented the possibility that later indemnity claims could be made against Manville based upon a plaintiff's verdict in the tort case. The Court was not pursuaded that was a sufficient nexus, and stated that "[a]t best, [the verdict] is a mere precursor to the potential third-party claim for indemnification by Pacor against Manville." *Id.* at 995. As such, "any judgment received by the plaintiff Higgins could not itself result in even a contingent claim against Manville, since Pacor would still be obligated to bring an entirely separate proceeding to receive indemnification." *Id.* This case is the same. And remand is likewise required.

The *Pacor* rationale has been consistently followed by our Fifth Circuit courts and elsewhere in the years since it was decided. *See, e.g., In re Walker,* 51 F.3d 562,

568 (5th Cir. 1995); *Luevano v. Dow Corning Corp.*, 183 B.R. 751, 752 (W.D. Tex. 1995); *see also McCratic v. Bristol-Myers Squibb and Co.*, 183 B.R. 113, 115 (N.D. Tex. 1995); *DaSilva v. American Savings*, 145 B.R. 9, 12 (S.D. Tex. 1992); *Nickum v. Brakegate, Ltd.*, 128 B.R. 648, 651-52 (C.D. Ill. 1991). This Court should continue to narrowly construe §1334, and remand this case.

In addition to its approval of the *Pacor* case, the Fifth Circuit has held more than once that claims for indemnity and contribution do not "relate to" title 11. In *In re Zale Corp.*, the Court found no "related to" jurisdiction over claims between non-debtors, stating:

> We begin our analysis by noting that a large majority of cases reject the notion that bankruptcy courts have "related to" jurisdiction over third-party actions. Those cases in which courts have upheld "related to" jurisdiction over third-party actions do so because the subject of the third-party dispute is property of the estate, or because the dispute over the asset would have an effect on the estate. Conversely, courts have held that a third-party action does not create "related to" jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate. Shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action "related to" the bankruptcy. Moreover, judicial economy alone cannot justify a court's finding jurisdiction over an otherwise unrelated suit.

*Id.*, 62 F.3d 746, 753 (5th Cir. 1999) (footnotes omitted).

In *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1999), the Fifth Circuit recognized and followed this rule: "As several courts have observed, 'a vast majority of cases find that 'related to' jurisdiction is lacking in connection with third-party complaints.'" (citing cases).

In sum, the *Pacor* decision itself, using and giving practical application to what the *Chesapeake Crossing* court referred to as a "measure of reasonableness," held that

future possible indemnity claims do not rise to the level of having a "conceivable effect on the estate." This practice of applying the *Pacor* test with "a measure of reasonableness" in determining "related to" jurisdiction is common and correct. It happened in *Pacor* itself, it happened in the Fifth Circuit's opinions in *Walker* and *Zale*, and elsewhere.[4] Because there is no subject matter jurisdiction, it should happen here as well. This case must be remanded to the state court.

### C.  THIS COURT MUST ABSTAIN AND REMAND THE ACTION

This case must be remanded even absent any jurisdiction analysis because the mandatory abstention statute is applicable. *See* 28 U.S.C. § 1334(c)(2).[5] A court *must* abstain from hearing a case brought under Section 1334(b) if five factors are met:

1. A timely motion is filed;
2. The removed case is based on State law;
3. The case does not "arise under" or "arise in" a case under title 11;
4. The case could not have been brought in federal court absent Section 1334;
5. The case can be timely commenced and adjudicated in state court.

*Id.; see In Re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997). Here, all the requirements of mandatory abstention have been satisfied; consequently, this Court

---

[4] The following list of cases, which is not exhaustive, are some additional decisions recognizing that the possibility of a later suit against the debtor for contribution or indemnity does not create federal jurisdiction over actions between non-debtors. *In Re Fitzgeralds Gaming Corp.*, 261 B.R. 1, 7 (Bankr. W.D. Mo. 2001); *Southern Company Energy Marketing LP v. Virginia Electric and Power Co.*, 190 F.R.D. 182, 190 n.18 (E.D. Va. 1999); *LaSalle Marine Services, Inc. v. Apache Corp.*, 1994 WL 180116 *2 (E.D. La. 1994); *Chesapeake Crossing Associates v. TJX Companies, Inc.*, 1992 WL 469801 at *2 (E.D. Va. 1992) *Barrie v. Jacobs*, 120 B.R. 704, 705-06 (S.D.N.Y. 1989); *National City Bank v. Coopers & Lybrand*, 1985 WL 6424, *5 (D. Minn. 1985).

[5] Mandatory abstention applies to removed cases. *In Re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999).

must abstain and remand this case to the state court.

### 1. This Motion is Timely

This case was removed less than thirty days ago; therefore, this motion is clearly timely. *See, e.g., Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 777 (BAP 10th Cir. 1997); *O'Rourke v. Cairns*, 129 B.R. 87, 91 (E.D. La. 1991).[6]

### 2. The Removed Case Is Based On State Law

This is a state law personal injury case. *See* Exhibits to the Notice of Removal.

### 3. The Removed Case Does Not "Arise Under" or "Arise In" Title 11

A case "arises under" Title 11 where a party is claiming a right or remedy created by one of the specific sections of Title 11 of the United State Code. A case "arises in" a case involving Title 11 where it relates to administrative matters which can arise only in a bankruptcy case, such as claims allowance, discharge and plan confirmation. *E.g., In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987). Here, the removed case is a state law tort suit. There is no argument that it arises in or arises under Title 11.

### 4. The Case Could Not Have Been Brought In Federal Court Absent Section 1334

As seen in the Plaintiffs' First Amended Original Petition, no federal claims are stated. Therefore, the removed action could not have been brought initially in federal court under 28 U.S.C. § 1331. Also, there was and is no diversity jurisdiction under 28 U.S.C. § 1332 because some plaintiffs and some defendants are citizens of the same

---

[6] This element is not mentioned in the Fifth Circuit's formulation, *In Re Rupp & Bowman Co.*, but in any event it has been satisfied.

state.[7]

### 5. The Case Can Be Timely Adjudicated In State Court

This case is being timely adjudicated in the state court. Discovery has been undertaken and the case is progressing. As one appellate court aptly stated, "timeliness is relative." *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 779 (BAP 10th Cir. 1997). Given the complex nature of asbestos personal injury litigation, this case is progressing in a timely manner.

In sum, because all of the elements of mandatory abstention are met, this Court must abstain from the removed case and remand it to the state court, as has been the universal practice in attempted asbestos "related to" removals, all meeting the test of *In Re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997). *See Allphin v. ACandS, Inc.*, No. G-01-660 (S.D. Tex., Nov. 19, 2001) (Exhibit A); *Duke v. ACandS, Inc.*, No. 01-CA-751-SS (W.D. Tex., Nov. 9, 2001) (Exhibit B); *Combs v. Able Supply, Inc.*, No. 3:01-CV-046 (TH) (E.D. Tex., Nov. 19, 2001) (Exhibit C); *Gill v. ACand S, Inc.*, No. 3:01-CV-2110-G (N.D. Tex., Nov. 15, 2001) (Exhibit D); *Sterling v. AC&S, Inc.*, No. C-01-581 (S.D. Tex., Nov. 9, 2001); *Johnson v. AC&S, Inc.*, No. 1:01cv408GR (S.D. Miss., Oct. 3, 2001)(Exhibit E); *Arnold v. AC&S, Inc.,* No. C-01-478 (S.D. Tex., Nov. 9, 2001) (Exhibit F).

### D. DISCRETIONARY ABSTENTION AND EQUITY ALSO DICTATE REMAND

This Court has been given wide discretion by Congress to abstain from entertaining jurisdiction over removed cases on any appropriate ground. 28 U.S.C. §

---

[7] No other jurisdictional provisions are even remotely relevant.

10

1334(c)(1). *See O'Rourke v. Cairns*, 129 B.R. 87, 90 (E.D. La. 1991). Even when abstention is not mandated by statute, cases should be remanded when the state court is the more appropriate jurisdiction. Even if jurisdiction did exist (which it does not) and even if the mandatory abstention statute did not require abstention (which it does), this case should still be remanded based on discretionary abstention and equity.

Discretionary abstention is appropriate where any combination of the following non-exclusive factors support the exercise of judicial restraint:(1) forum non conveniens; (2) possible bifurcation; (2) state court experience with state law; (3) expertise of the state court; (4) avoidance wasteful use of judicial resources; (5) prejudice to the involuntarily removed parties; (6) comity issues; and (7) likelihood of inconsistent results. *See Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *O'Rourke*, 129 B.R. 87 at 90. Application of these factors weigh strongly in favor of remanding this case.

First, by the admission of the removing parties, these would be non-core proceedings. In such cases, issues of comity should be our first concern. Here, in the unlikely event that "related to" jurisdiction is found to exist (which it should not), that relation would be of the most tenuous sort. The interest of the federal system would be very weak. Balanced against the strong interest of the state court in cases where only state law is involved, it is clear that the state court is the more appropriate forum to resolve these cases. Removal is inappropriate. As the Court noted in *O'Rourke*, "[c]ongress has made it plain that, in respect to non-core proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not

rush to usurp the traditional precincts of the state court.'" , 129 B.R. at 91; *Scherer v. Carroll*, 150 B.R. 549, 552 (D. Vt. 1993) , see also, *Nikum v. Brakegate, Ltd.*, 128 B.R. 648, 649 (C. D. Ill. 1991) ( *holding*, court must refuse the invitation to uphold a "nimble attempt to bootstrap state court actions into federal cases by way of the bankruptcy court.").

Second, the state court have developed a level of expertise in dealing with asbestos cases. See *McCratic v. Bristol-Myers Squibb and Co.*, 183 B.R. 113, 115-16 (N.D. Tex. 1995). As one court has remarked, asbestos litigation is specialized, complex and unique. See, e.g., *State ex rel. H.K. Porter Co., Inc. v. White*, 182 W.Va. 97, 103, 386 S.E.2d 25, 31 (1989). State courts have significant experience in resolving the many common issues arising in and around asbestos cases. This factor favors abstention and remand. *McCratic*, 183 B.R. at 115-16. The removing defendants want to create a massive federal asbestos docket. There is no need for that.

Third, prejudice to these involuntarily removed parties calls for abstention. This case was removed from the state court after years of pretrial preparation. Failure to remand it would be plainly prejudicial. See, e.g., *O'Rourke*, 129 B.R. at 91 (involuntarily removed parties prejudiced "because of the institutional delays implicit in starting over in this Court."). The removing parties have the right to have their arguments heard before the state court. And the plaintiffs have the right to move their case to resolution without needless delay.

Fourth, the removals of the underlying case and their transfer to this Court would

make rampant duplication of effort by the parties, would be a tremendous waste of judicial resources, and would be rife with the possibility of inconsistent results. Should this case not be returned to the state court, bifurcation and a needless and substantial waste of judicial resources will result. *See Agribank v. Fay (In re Fay)*, 155 B.R. 1009, 1011 (Bankr. E.D. Mo. 1993). The removals by the Automobile Manufacturers are of the claims against them only. By definition, they have splintered the underlying tort litigation so that transferring the cases here would bifurcate the proceedings. Failure to remand is wasteful to this Court, since no matter what is done here in the controversy between the non-debtors and the plaintiffs, a state court judge will be doing the same things and litigating the same medical and liability issues anyway for the victims and the remaining, non-removing state court defendants. It is clear that permissive abstention is appropriate and warranted here.

### E. THIS COURT SHOULD AWARD THE MOVANTS THEIR ATTORNEY'S FEES

Over the Thanksgiving holidays, the removing defendants filed hundreds of notices of removal with this office. They did not speak with anyone at this office before filing their notices. They should have known better. The law in this jurisdiction is so squarely against removal that any local attorney surely would have seen that the removal was meritless. This office has received nine boxes of legal papers related to this removal. Tens of thousands of pieces of paper have filed our document repository. And every one of them represents the same thing - hours and hours of busy work. For this, the removing parties should be responsible for our fees.

When a case is remanded to state court, 28 U.S.C. § 1447(c) provides that the

court "may require the payment of just costs and expenses, including attorney fees, incurred as a result of the removal." This provision is applicable to bankruptcy removals. *Billington v. Winograde (In re Hotel Mt. Lassen, Inc.)*, 207 B.R. 935, 943 (Bankr. E.D. Cal. 1997). Bad faith is not a necessary prerequisite for the award, although the nature of the conduct is relevant. *Id*.

Here, an award of fees is more than appropriate. First, given the existing law, the lack of merit of this removal is obvious. Second, the reason for the removals is clearly for harassment and delay - nothing more or less. They say they want a decision on the admissibility of certain evidence. Have they ever once asked a state court to decide that issue? Not in any of the Foster & Sear, L.L.P. cases they have now removed. They are disingenuous at best. They don't want an evidentiary issue decided. They want to delay these cases.

Given these facts and given the law, attorney's fees are more than appropriate.

### III.

### CONCLUSION

This case must be remanded for lack of jurisdiction as to these non-debtors. In the alternative, this Court is required to abstain and remand this case.

By: *Robert Greenberg /s/*
EDWARD M. SLAUGHTER
State Bar No. 24015112
ROBERT M. GREENBERG
State Bar No. 08389000
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 3rd day of December, 2001, I conferred with counsel for the removing defendants, and that they oppose the relief sought by this Motion.

_Robert Greenberg /sw_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for the removing defendants by regular mail on the __18th__ day of December, 2001.

_Robert Greenberg /sw_