United States District Court
Southern District of Texas
FILED

DEC 1 9 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FReddy RAy Johnson

~~DAVID RAMOS~~, ET AL          §
                                §
VS.                             §    CIVIL NO. 01;CV197
AcANds INc                      §
~~KELLOGG BROWN & ROOT, INC.~~, §
ET AL                           §

## PLAINTIFFS' OPPOSITION TO AUTO MANUFACTURERS' MOTION TO STAY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Plaintiffs in the above actions, and file this their Response to the Motion to Stay filed by DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation ("Auto Manufacturers") and would show as follows:

### I.

### INTRODUCTION

The Auto Manufacturers have removed this case based on a very weak theory of "related to" jurisdiction pursuant to 28 U.S.C. §1334. Similar cases have already been remanded because quite frankly the removals are absolutely without merit. The auto manufacturers are simply trying to delay this case by moving it around to different courts all over the country. That abuse of our courts should be thwarted sooner rather than later.

It is now more clear than ever that the federal courts do not have jurisdiction over this case. (See Motion and Brief to Remand). Since it is clear that the federal district courts will remand these cases once the remand motions are considered, the automobile manufacturers now ask that you just not consider the motions. A stay

would be improper and should be denied because jurisdictional issues should be addressed before any transfer motions, regardless of which court is being asked to address the transfer issue. There should be no delay. The stay should be denied and these cases should be remanded.

## II.

## ARGUMENT

### Jurisdiction Should Be Resolved Prior to a Motion to Transfer

Our Supreme Court has explained that subject matter jurisdiction should normally be the first thing decided in most cases. The Supreme Court has held that absent unusual circumstances district courts should address removal jurisdiction first out of respect for coordinate state courts. In deciding whether to address personal jurisdiction or subject matter jurisdiction first, our Supreme Court stated:

> Most essentially, federal and state courts are complementary systems for administering justice in our Nation. Cooperation and comity, not competition and conflict, are essential to the federal design. A State's dignitary interest bears consideration when a district court exercises discretion in a case of this order. If personal jurisdiction raises "difficult issues of [state] law," and subject matter jurisdiction is resolved "as eas[ily]" as personal jurisdiction, a district court will ordinarily conclude that "federalism concerns tip the scales in favor of initially ruling on the motion to remand."
>
> [W]e recognize that in most instances subject-matter jurisdiction will involve no arduous inquiry.... In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.

See *Ruhrgas, AG v. Marathon Oil Co.*, 526 U.S. 574, 586-7, 119 S.Ct. 1563, 1571-72 (1999).

The issues of subject matter and removal jurisdiction are the first thing that should be decided when a case is removed. Before some other court decides whether a case should be transferred out of this court, this Court should rule on whether the

removal was proper in the first place. A federal court certainly has discretion to hear issues on the order that equity dictates. But our Supreme Court has given guidance in how that discretion ought to be exercised. *See Ruhrgas, AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999).

The Motion to Stay should be denied. This Court should rule on subject matter jurisdiction and removal jurisdiction (abstention) prior to any rulings relating to transfer. Respect for the state courts and Federalism dictates that subject matter and removal jurisdiction be addressed prior to a motion to transfer.

## III.

## CONCLUSION

The Motion to Stay should be denied, and this Court should remand these cases to state court.

Respectfully submitted,

**FOSTER & SEAR, L.L.P.**
360 Place Office Park
1201 N. Watson, Suite 145
Arlington, Texas 76006
Telephone (817) 633-3355
Facsimile (817) 633-5507

By: _____
EDWARD M. SLAUGHTER
State Bar No. 24015112
ROBERT M. GREENBERG
State Bar No. 08389000

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for the removing defendants by certified mail on the 14th day of December, 2001.

_____
Edward M. Slaughter