IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 2 2 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| FREDDY RAY JOHNSON and DAVID RAMOS § § § Plaintiffs, § § v. § ACANDS, INC., ET AL. § § Defendants. § | Civil Action B-01-197 |

### ORDER

BE IT REMEMBERED that on August 19, 2005, the Court considered the status of the above styled litigation. On November 28, 2001, the defendants in the above styled litigation removed from state court. Dkt. No. 1. On April 24, 2002, this case was stayed pending the United States Court of Appeals for the Third Circuit's ruling on the order issued by United States District Court Judge Alfred Wolin of the United States District Court for the District of Delaware. Dkt. No. 15. Nearly three years later, on February 18, 2005, this Court ordered the parties to submit a report, signed by all attorneys of record, explaining the present status of this case with this Court no later than 3:00 p.m. on February 28, 2005.

Counsel for defendants submitted a report on March 1, 2005. Dkt. No. 20. Therein, the defendants inform the Court that on April 24, 2002, the same day this case was stayed, the underlying state litigation was reopened and resumed. As the defendants note, however, "the Cameron County District Clerk did not have any record of a Order or Remand from this Court. It is unknown why and how the Cameron County Case simply resumed without an Order of Remand, but that appears to be what happened." Dkt. No. 20. The defendants' status report further states that the settlement has been reached between at least some of the parties. Lastly, the defendants aver that counsel for plaintiff could not be reached.

The Federal Rules of Civil Procedure, Rule 41(b), authorizes this Court to dismiss an action for failure to prosecute upon motion by the defendant. <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988). This Court, however, possesses "the inherent

authority to dismiss the action *sua sponte*, without motion by a defendant." Id. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R. Co., 370 U.S. 626, 629 (1962). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

There can be no question that this Court retains jurisdiction over this case. Nonetheless, three years ago, the Cameron County District Court assumed jurisdiction over the litigation. The Court is at a loss over how and why this case was reopened and pursued in state court without an appropriate order from this Court. In any event, despite an order instructing to do so, counsel for plaintiffs have failed to contact this Court since the Status Conference held on April 22, 2002; a period of over three years. Dkt. No. 16. Ordinarily, due to the strange circumstances surrounding the reopening of this case in state court, this Court would dismiss this case *with prejudice*. However, in light of the fact that some of the parties have settled their differences, the Court sees little utility in potentially disrupting the further resolution of the action. Nevertheless, the Court must have the power to control its own pending case docket. Accordingly, because of plaintiffs' failure to prosecute this case, the Court **ORDERS** the above-styled litigation **DISMISSED WITHOUT PREJUDICE**. The parties are admonished, as is the Cameron County District Court, to not litigate cases stayed by federal court order in a venue lacking the appropriate jurisdiction. The Clerk is instructed to **CLOSE** this case and remove it from this Court's pending docket immediately.

DONE at Brownsville, Texas, this 19 day of August, 2005.

Hilda G. Tagle
United States District Judge

2